Kaleigh C. Boyer, ISB #11818
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
KBoyer@parsonsbehle.com

*Attorneys for Komatsu Financial Limited Partnership*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HMH CONSTRUCTION, LLC,<br><br>                                         Debtor. | Case No. 23-00191-JMM<br><br>Chapter 11 |

**AMENDED MOTION OF KOMATSU FINANCIAL LIMITED PARTNERSHIP FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND LOCAL BANKRUPTCY RULE 4001.2**

Komatsu Financial Limited Partnership ("Komatsu") hereby submits its motion (the "Motion") for relief from the automatic stay pursuant to 11 U.S.C. § 362 and Local Bankruptcy Rule 4001.2. In support of this Motion, Komatsu respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4878-8704-9585.v1

## BACKGROUND

A. **The Komatsu Loans.**

3. For good and valuable consideration, Debtor HMH Construction, LLC ("Debtor") made, executed and delivered to Komatsu (as assignee of Modern Machinery Co., Inc.) the following seven (7) Security Agreement – Conditional Sales Contracts (collectively, the "Contracts"), pursuant to which Debtor granted to Komatsu a purchase money, first-priority lien on and security interest in the equipment described therein and below, together with all present attachments, accessories, replacement parts, additions and all proceeds thereof (collectively, the "Equipment"), and agreed to pay Komatsu the amounts set forth therein:

| Contract No. | Equipment |
|---|---|
| 003 | - One (1) Komatsu GD655-6 Motor Grader (S/N 60250) (EQ 666793) |
| 005 | - One (1) Komatsu D51PXI-24 Crawler Dozer (S/N 10973) (EQ 1119290)<br>- One (1) Topcon Hyper V w/ Base & Rover Station (S/Ns 19959; 20047) (EQ 1245915) |
| 006 | - One (1) Komatsu WA380-8 Wheel Loader w/ Rockland Bucket and Forks (S/N A75677) (EQ 1181552) |
| 007 | - One (1) Komatsu WA380-8 Wheel Loader w/ Rockland Bucket and PSM Forks (S/N A75794) (EQ 1247531) |
| 008 | - One (1) Komatsu D61PX-24 Crawler Dozer (S/N 60875) (EQ 722863) |
| 009 | - One (1) Komatsu PC138USLC-11 Hydraulic Excavator w/ 36" and 60" Buckets and Plate Compactor (S/N 60480) (EQ 1355073) |
| 010 | - One (1) Komatsu GD655-7 Motor Grader (S/N 65092) (EQ 1165034) |

4. For good and valuable consideration, Debtor also made, executed, and delivered to Komatsu a Cross Collateral Security Agreement (the "Cross Collateral Security Agreement") pursuant to which, among other things, Debtor agreed that (i) each unit of the Equipment shall secure Debtor's payment and performance under each of the Contracts, and (ii) a default by Debtor

4878-8704-9585.v1

under any one or more of the Contracts shall constitute a default by Debtor under each of the Contracts.

5. To notify others of its security interest in the Equipment, Komatsu filed Uniform Commercial Code ("UCC") financing statements, thereby perfecting Komatsu's first-priority and perfected security interest in and lien on the Equipment.

**B. The Bankruptcy Case.**

6. On April 20, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to manage and operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

7. On July 19, 2023, Komatsu timely filed its proof of claim against Debtor in the aggregate amount of $1,548,812.02 (the "Proof of Claim"). A true and correct copy of the Proof of Claim (Claim No. 38) is attached hereto as **Exhibit A**.

**RELIEF REQUESTED**

8. By this Motion, Komatsu moves for entry of an order granting it immediate relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code and Local Bankruptcy Rule 4001.2 to allow it to retrieve and dispose of the Equipment in accordance with the Contracts and applicable law or, in the alternative, for entry of an order directing Debtor to provide Komatsu with adequate protection pursuant to 11 U.S.C. § 363.

**BASIS FOR RELIEF REQUESTED**

9. Pursuant to Section 362(d) of the Bankruptcy Code:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay—

4878-8704-9585.v1

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property . . ., if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

10. Accordingly, under Section 362(d) of the Bankruptcy Code, a creditor may obtain relief from the stay (a) for "cause" including the lack of adequate protection of the creditor's interest or (b) when the debtor has no equity in the property and the property is not necessary to an effective reorganization that is in prospect. *See* 11 U.S.C. § 362(d); *see also United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76, 108 S.Ct. 626, 98 L.Ed.2d (1988). Here, entry of an order granting relief from the stay under Section 362(d) of the Bankruptcy Code is appropriate under both grounds.

A. **The Automatic Stay Should be Lifted Because Debtor Lacks Equity in the Equipment, and the Equipment is Not Necessary for an Effective Reorganization that is in Prospect.**

11. Pursuant to Section 362(d)(2) of the Bankruptcy Code, relief from the automatic stay *must* be granted if (i) the debtor lacks equity in property and (ii) such property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

12. Here, Komatsu submits that Debtor lacks equity in the Equipment because its indebtedness to Komatsu under the Contracts exceeds the value of the Equipment. Due to the Cross Collateral Security Agreement, an equity analysis must be conducted in the aggregate. As set forth in greater detail in Komatsu's Claim, the aggregate amount due to Komatsu as of the Petition Date, is no less than $1,548,812.02. According to the valuations dated April 24, 2023,

4878-8704-9585.v1

copies of which are attached as **Exhibit B,** the aggregate Fair Liquidation Value of the Equipment is $891,904.00. Therefore, Debtor lacks any equity in the Equipment.

13. Once the creditor establishes that the debtor lacks equity in property, the *debtor* has the burden of establishing that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g). "This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988).

14. Here, Komatsu asserts that Debtor cannot establish its burden that the Equipment is necessary for an effective reorganization *in prospect*.

15. On July 3, 2023, the Acting United States Trustee ("UST") filed a *Motion to Convert or Dismiss Case Or In the Alternative to Appoint a Chapter 11 Trustee* (the "UST Motion"). (Dkt. No. 79.) The UST Motion alleges a comprehensive basis to convert or dismiss the Bankruptcy Case: (i) Debtor does not have any employees, (ii) Debtor's prepetition contracts have been terminated, (iii) Debtor has failed to provide material and necessary financial information to the UST, (iv) Debtor's principal has grossly mismanaged the business by taking excessive draws to the detriment of Debtor, (v) there is inadequate disclosure regarding preferences and/or fraudulent transfers. *Id.* Moreover, to date, Debtor has not filed a Chapter 11 plan of reorganization, nor has it even discussed potential plan treatment with Komatsu. As such, the Equipment is not necessary for an effective reorganization *in prospect*.

16. Because both of Section 362(d)(2)'s requirements have been met, Section 362 mandates relief from the automatic stay with regard to the Equipment.

B.  **The Automatic Stay Should be Lifted Because Komatsu's Interest in the Equipment is not Adequately Protected.**

17. As set forth above, relief from the automatic stay is also appropriate "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "A secured creditor retains the right to 'adequate protection' of its collateral, which means it is entitled to have the value of its collateral maintained at all times, and it can obtain relief from the automatic stay and take back its collateral at any time if that interest is not adequately protected or for other 'cause.' " *In re Morton*, 2015 Bankr. LEXIS 2355, at *6-7 (Bankr. E.D. Tenn., July 17, 2015, No. 15-30892-SHB) (quoting *In re Bushee*, 319 B.R. 542, 551-52 (Bankr. E.D. Tenn. 2004)). "[A]lthough 'failure to provide adequate protection when the property is declining in value is a classic basis for granting relief from the stay for cause . . ., [w]ithout quantifying the decline in value, the creditor can often establish its prima facie case by demonstrating that the debtor has completely failed, or substantially failed to make post-petition payments.' " *In re Morton*, 2015 Bankr. LEXIS 2355, at *7 (quoting *Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001).

18. The Equipment consists of machinery that, by its very nature, depreciates with the mere passage of time and Debtor's continued use. *See, e.g.*, *In re Graves Farms*, Case No. 18-10893, 2019 WL 1422891, at *6 (Bankr. D. Kan. Mar. 28, 2019) (equipment is always depreciating). Here, except for payment on the Petition Date, Debtor has not paid any post-petition or adequate protection payments to Komatsu. Thus, Debtor is not adequately protecting Komatsu's interests in the Equipment.

19. Given Debtor's failure to adequately protect or compensate Komatsu for the use of the Equipment, and the diminution of the value of the Equipment, Komatsu should be granted relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code so that Komatsu

may take possession of the Equipment and exercise its rights to the Equipment under the Contracts and applicable law.

20. Based upon both Section 362(d)(1) and (d)(2), Komatsu requests that this Court lift the automatic stay immediately to permit Komatsu to immediately enforce its rights under the Contracts and applicable law, including without limitation, the right to repossess and dispose of the Equipment.

21. Moreover, and notwithstanding Rules 4001(a)(3) or 7062 of the Federal Rules of Bankruptcy Procedure, grounds exist for any order lifting the automatic stay pursuant to this Motion to be effective immediately.

## RULE 4001.2 NOTICE

1. Pursuant to Local Rule 4001.2, and subject to Federal Rule of Bankruptcy Procedure 9006, any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. Absent the filing of a timely objection, the court may grant the relief sought without a hearing.  As set forth in Local Rule 4001.2(d)(3), if an objection is filed to this relief motion, the objection must be served upon the movant and upon all parties receiving service of the motion.  In accordance with Local Rule 4001.2 (e)(1), a party opposing a motion shall contact the court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

2. In addition, pursuant to Local Rule 4001.2 and 11 U.S.C. § 362(e),

    a. Thirty days after a request under subsection (d) of this section [362] for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court,

4878-8704-9585.v1

after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

    b.  Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless-

    (A) a final decision is rendered by the court during the 60- day period beginning on the date of the request; or

    (B) such 60-day period is extended-

     (i) by agreement of all parties in interest; or

     (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for all the reasons set forth herein, Komatsu respectfully requests that this Court enter an Order (i) immediately terminating the automatic stay pursuant to Section 362(d) of the Bankruptcy Code and Local Bankruptcy Rule 4001.2 to allow Komatsu to repossess and

4878-8704-9585.v1

dispose of the Equipment and enforce any and all rights and remedies available to Komatsu under the Contracts and applicable law, or, in the alternative, (ii) granting Komatsu adequate protection, and (iii) granting such other and further relief as this Court deems just and appropriate.

Date:   July 20, 2023.

PARSONS BEHLE & LATIMER

*/s/ Kaleigh C. Boyer*
Kaleigh C. Boyer
Attorneys for Komatsu Financial

4878-8704-9585.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 20th day of July, 2023, I electronically filed the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

**JPMorgan Chase Bank N/A**
c/o Jesse A.P. Baker
ecfidb@aldridgepite.com

**Matthew T. Christensen on behalf of Creditor c/o Johnson May H.O.T. 2, LLC**
mtc@johnsonmaylaw.com,
mtcecf@gmail.com;
klu@johnsonmaylaw.com;
acs@johnsonmaylaw.com;
ard@johnsonmaylaw.com;
ecf@johnsonmaylaw.com;
atty_christensen@bluestylus.com;
christensenmr81_164@notify.bestcase.com

**HMH Construction, LLC**
c/o D. Blair Clark
dbc@dbclarklaw.com,
mbc@dbclarklaw.com;
maryann@dbclarklaw.com;
jackie@dbclarklaw.com;
ecf.dbclaw@ gmail.com;
G69536@notify.cincompass.com

**The Huntington National Bank**
c/o Samuel A. Diddle
sdiddle@elamburke.com,
kmd@elamburke.com

**Blue Cross of Idaho Health Service, Inc.**
c/o Robert A. Faucher
rfaucher@hollandhart.com,
boiseintaketeam@hollandhart.com;
spturner@hollandhart.com

**United States Trustee**
ustp.region18.bs.ecf@usdoj.gov

**Blue Cross of Idaho Health Service, Inc.**
c/o Anne E. Henderson
aehenderson@hollandhart.com

**Andrew Seth Jorgensen, U.S. Trustee**
andrew.jorgensen@usdoj.gov

**Commercial Credit Group, Inc.**
c/o Jed W. Manwaring
jmanwaring@evanskeane.com,
valerie@evanskeane.com
abell@evanskeane.com

**Washington Trust Bank -15-**
c/o Michael G Schmidt
mgs@lukins.com,
tboyddavis@lukins.com

**Steel National**
c/o Nathan Thomas
info@peak-law.com

**Syman LLC**
c/o Nathan Thomas
info@peak-law.com

**Deere & Company**
**John Deere Financial**
c/o R. Ron Kerl
Ron@cooper-larsen.com
lanna@cooper-larsen.com

I FURTHER CERTIFY that on this same date, true and correct copies of the foregoing were mailed to the Debtor and its attorney of record, addressed as follows:

4878-8704-9585.v1

John Ivan Odom, Manager
HMH Construction, LLC
2501 E. State Avenue, Suite 110
Meridian, ID 83642

D. Blair Clark
967 E. Parkcenter Blvd., #282
Boise, ID 83706

                                                  /s/ *Kaleigh C. Boyer*
                                                  Kaleigh C. Boyer