Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
550 W. Fort St. Rm. 698
Boise, Idaho 83724
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| In re:<br><br>HMH CONSTRUCTION, LLC<br><br>Debtor. | Case No. 23-00191-JMM<br>Chapter 11 |
|---|---|

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY SPECIAL COUNSEL (Dkt. No. 159)**

The Acting United States Trustee ("UST"), objects to the Application to Employ Special Counsel (Dkt. No. 159) filed by Matthew T. Christensen of Johnson May, on the basis that the scope of representation is more than for "special counsel" under § 327(e) and that the firm's concurrent representation of two landlord creditors and the bankruptcy estate may constitute an actual conflict of interest under § 327(c).

### I. BACKGROUND

1. Debtor, HMH Construction, LLC, filed a Chapter 11 bankruptcy Petition on April 20, 2023. Dkt. No. 1.

2. Two landlord creditors, Stellco, Inc., and H.O.T. 2, LLLP, have claims against Debtor. Both landlord creditors have been and are represented by Matt Christensen of Johnson May.

-1-

Both creditors filed motions to reject the leases on June 13, 2023. Dkt. Nos. 49, 50.

3. Both landlord creditors received the relief requested on August 7, 2023 when the Court approved a stipulation rejecting the leases and granting relief from the automatic stay. The Court initially held in abeyance a request for administrative expense. Dkt. No. 114.

4. The Court converted the case to a chapter 7 on August 14, 2023. Dkt. No. 121. Tim Kurtz was appointed as chapter 7 trustee.

5. The First Meeting of Creditors for the Chapter 7 case was set for November 28, 2023, and the administrative expense deadline was set as November 13, 2023. Dkt. No. 129 (08/28/2023); *see* Fed. Rule of Bankr. P. 1019.

6. On September 26, 2023, Matt Christensen filed applications for Administrative Expenses on behalf of both Stellco, LLC and H.O.T. 2, LLLP. Dkt. No. 147, 148.

7. Matt Christensen filed an Application to Employ Special Counsel and Verified Statement of Counsel to serve as an attorney for the bankruptcy estate and Chapter 7 Trustee Tim Kurtz on October 16, 2023. Dkt. No. 159 ("Application to Employ").

8. Matt Christensen then filed a Statement of No Objection related to the Administrative Expenses applications for the landlord creditors, his clients, on November 6, 2023. Dkt. Nos. 171, 172.

9. The UST, through his attorneys, informally discussed some concerns and questions regarding the Application to Employ with Mr. Christensen and Trustee Kurtz. Concerns included whether the employment was truly for "special" counsel under § 327(e) and whether employment was requested under § 327(a) and (c). Mr. Christensen was cooperative and agreed to prepare a proposed order that would include language addressing the UST's concerns, to be submitted after the objection period.

10. The deadline for objection to the Application to Employ (based on a 21-day negative notice) was November 9, 2023.

11. Matt Christensen filed Amended Applications of Administrative Expenses for the landlord creditors on November 10, 2023. Dkt. Nos 174 and 175.

12. After reviewing concerns and the language of the proposed order, the UST decided to raise his concerns in a formal filing with the Court to allow the Court to consider the nuanced issues of the Application to Employ. These concerns and the basis for the UST's objection are explained below.

## II. OBJECTION

### A. *Legal Standards and Applicable Law*

Professionals seeking to be employed bear the burden of demonstrating that they do not hold an adverse interest and are disinterested. *See Official Committee of Unsecured Creditors v. ABC Capital Markets Group (In re Capitol Metals Co., Inc.)*, 228 B.R. 724, 727 (9th Cir. BAP 1998); *Interwest Business Equipment, Inc.*, *v. United States Trustee*, 23 F.3d 311, 317-318 (10th Cir. 1994); *In re Thompson*, No. 00-00013, 2000 WL 33716961, at *5 (Bankr. D. Idaho Mar. 1, 2000) ("The burden of proving the absence of an adverse interest, and establishing the propriety of the suggested employment, is upon the applicant and the proposed professional.")

A trustee may, with the court's approval, employ professionals if they do not hold or represent an "***interest adverse to the [bankruptcy] estate***" and are "disinterested persons." 11 U.S.C. § 327(a). Section 101(14)(C) defines "disinterested person" as someone who "does not have an interest materially adverse to the interest of the estate or of any class of creditors . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." Disinterestedness standards apply not only to those that hold adverse interests,

but also to those that *represent* such interests. § 327(a)

Federal Rule of Bankruptcy Procedure 2014(a) requires an applicant's thorough disclosures of connections that may be relevant to conflicts:

> . . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, . . . .

Employment applications must provide information establishing the applicant's representation of other parties, disinterestedness, interests adverse to the estate, or actual conflicts of interest.[1]

Section 327 has two subsections with potential applicability to Mr. Christensen's Application to Employ: (e) for special counsel and (c) for counsel that may have represented a creditor in the past.

Starting with subsection 327(e), this allows for employment of an attorney as special counsel for a "specified special purpose other than to represent the trustee in conducting the case." This exception specifies that attorneys may serve as special counsel even though they had represented the debtor[2] and thus would not fit the within the disinterested person definition applicable to 327(a) employment.

---

[1] The Ninth Circuit Court of Appeals has held that the disclosure requirements of Rule 2014 are to be strictly applied, an applicant must disclose the precise nature of the fee arrangement, and every connection, no matter how trivial it may seem, must be disclosed. *See Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 881-82 (9th Cir. 1995). The Court, the United States Trustee, and other parties in interest are entitled to rely on employment applications and the accompanying verified statements. *See Law Offices of Nicholas A. Franke v. U.S. Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997).

[2] The statute states the exception applies to attorneys that previously represented debtors. Some courts have more broadly applied § 327(e). *See* 3 Collier on Bankruptcy P 327.04[9][b] (16th 2023).

-4-

As summarized in a 2017 decision: "a survey of available case law illustrates a pattern where courts have refused to authorize the employment of special counsel—whose services would overlap with those customarily reserved for general bankruptcy counsel—regardless of how much familiarity with and understanding of the debtor's affairs special counsel brings to the case." *In re Roper and Twardowsky, LLC*, 566 B.R. 734, 750-51 (Bankr. D. NJ 2017); *see also In re Running Horse, L.L.C.*, 371 B.R. 446, 451-52 (Bankr. E.D. Cal. 2007) (finding that there was an inadequate specialized purpose for employment under § 327(e)). Further, in the application's description of the scope of work, "The 'special purpose' must be unrelated to the reorganization of the debtor and must be explicitly defined or described in the application seeking approval of the attorney's employment." 3 Collier on Bankruptcy P 327.04 (16th 2023).

Turning to § 327(c), this subsection provides an exception to allow a professional's employment for the estate under § 327(a) even though the professional has represented a creditor. *See In re Sarao*, 444 B.R. 496, 497-98 (Bankr. D. Mass. 2011); *see also* H.R. Rep. No. 95-595 at 328 ("Subsection (c) is an additional exception [to § 327(a)]."). The statute provides, "unless there is objection by another creditor or the United States Trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." Though prior representation of creditors does not preclude employment by an estate under § 327(c), concurrent employment may invoke an "actual conflict of interest," and some jurisprudence distinguishes along that line. *See e.g., In re Ampal-American Israel Corp.*, 534 B.R. 569, 582-83 (Bankr. S.D.N.Y. 2015). There, the bankruptcy court found there was not an actual conflict because, although the professional represented a creditor, "there is no evidence [the professional] counseled [the creditor] regarding the merits of its claim or received any confidential communications relating to the claim." and so employment was appropriate under 327(c)).

Another instructive bankruptcy court decision reasoned that under § 327(c), while an attorney employed by the trustee does not have an impermissible conflict of interest solely because of a former representation of a creditor in the case, "such a conflict of interest would exist if the attorney were to represent the trustee and a creditor simultaneously." *In re Roberts*, 46 B.R. 815, 823 (Bankr. D. Utah 1985).

A professional hired by the estate owes the same fiduciary duties to the estate and to unsecured creditors as the trustee himself owes. *See Salazar v. McCormick (In re Crestview Funeral Home, Inc.)*, 287 B.R. 832, 838 (Bankr. D.N.M. 2002); *In re Allied Gaming Mgmt., Inc.*, 209 B.R. 201, 203 (Bankr. W.D. La. 1997); *In re Q.P.S., Inc.*, 99 B.R. 843, 845 (Bankr. W.D. Tenn. 1989); *In re Lowry Graphics, Inc.*, 86 B.R. 74, 80 (Bankr. S.D. Tex. 1988). Representation of creditor clients seeking to be paid prior to the estate's general unsecured creditors may put attorneys representing the estate at odds with their fiduciary duties to those general unsecured creditors.

A more recent decision by an appellate court focused its analysis of conflict under § 327, explaining that if counsel for the Chapter 7 trustee's "loyalties might be divided," this was sufficient to preclude employment by the estate under § 327(a) and disinterestedness exceptions under (c), or under (e) as special counsel: "Ultimately, it is unnecessary to fathom every possible conflict that might arise from [the attorney's] concurrent representation of the Petitioning Creditors and the estate." A single potential conflict was adequate. *In re M & M Mktg., L.L.C.*, 426 B.R. 796, 804 (B.A.P. 8th Cir.), as corrected (June 11, 2010), *aff'd sub nom. In re M&M Mktg., L.L.C.*, 397 F. App'x 258 (8th Cir. 2010).

Finally, § 328(c) indicates that if a professional employed by the estate becomes disinterested or comes to hold an interest adverse to the interest of the estate—even if not

apparent or existing at the time of employment approval—the court may later deny compensation.

### B. Analysis and Argument

Mr. Christensen has represented and continues to represent two landlord creditors in this case: Stellco, LLC and H.O.T. 2, LLC. These creditors are seeking treatment of some of their claim in the Chapter 11 case to have administrative expense priority in the converted Chapter 7 case. He is also seeking to represent the bankruptcy estate and Tim Kurtz, the Chapter 7 Trustee. The UST's concerns arise mainly from two circumstances: first, the scope of Mr. Christensen's employment seems to be more than for special counsel for a specified special purpose (disqualifying § 327(e) employment); second, his concurrent representation of the trustee and the landlord creditors as administrative claimants may be an actual conflict of interest (disqualifying § 327(c) employment). The Application to Employ did not specify any subsection of § 327 under which Mr. Christensen sought to be employed or argued for an exception to the full § 327(a) "disinterested person" requirement.

1. **§ 327(e)**

Regarding concerns on the scope of representation and § 327(e) requirements, the Application to Employ provides:

> 5. Necessity of Employment: The Trustee needs to employ Counsel to assist in the investigation and/or pursuit of claims to avoid and recover pre-petition transfers of assets, liquidation of recovered assets, and pursuit of petition-date accounts receivable owed to the Debtor. The estate is not employing Counsel for any services other than the recovery and liquidation of assets (including the accounts receivable).

Dkt. No. 159 at 3, ¶ 5. The UST understands from informal discussion that Mr. Christensen may not intend to request employment explicitly under § 327(e). Nevertheless, the UST points out that employment under § 327(e) appears inappropriate because Mr. Christensen did not formerly

-7-

represent the debtor, as stated in the statutory language. *See* § 327(e). Most significantly, the scope of representation is beyond work of special counsel. Rather than a special purpose, Mr. Christensen would assist in duties traditionally performed by a trustee's general counsel. Although the UST appreciates the need for these services from skilled counsel and the need for a focus on significant accounts receivable in this matter, these are not different duties than a bankruptcy estate's attorney would generally perform under § 327(a) employment. *See* 3 Collier on Bankruptcy P 327.04[c]-[d] (16th 2023); *In re Roper and Twardowsky, LLC*, 566 B.R. at 750-51; *In re Running Horse, L.L.C.,* 371 B.R. at 451-52.

2. **§ 327(c)**

Regarding concerns on actual conflict of interest under § 327(c), Mr. Christensen's representation of his creditor clients who are seeking to be paid prior to the estate's general unsecured creditors appears to put him at odds with his duties to those general unsecured creditors. In the Verified Statement attached to Mr. Christensen's Application to Employ, he states,

> [3.] a. In this bankruptcy proceeding, I represent the two prior landlords, H.O.T. 2, LLC, and Stellco, LLC. Those landlords previously sought (and were granted) a rejection of the leases for the non-residential real property. The Debtor has vacated the property and the landlords have filed claims in the case. Absent objection to their claims, *I do not anticipate any further representation of those landlords in this Chapter 7 case*.

Dkt. No. 159-1 at 2, ¶ 3(a). Mr. Christensen stated these connections on October 16. Dkt. No. 159-1. The Applications for Administrative Expense were pending at that time. Subsequent to this statement, Mr. Christensen also filed the Amended Applications for Administrative Expense on November 10. Dkt. Nos. 174, 175. Thus, contrary to the final, italicized sentence in the paragraph quoted above, Mr. Christensen's representation of the landlords has not ceased. Further, regardless of the concurrence of the representation, even if Mr. Christensen's landlord

creditor clients are not subject to direct recovery action dividing Mr. Christensen's loyalties, his landlord clients stand to recover at a higher priority than general unsecured creditors.

Mr. Christensen's representation of his creditor clients who are seeking to be paid prior to the estate's general unsecured creditors appears to put him at odds with his fiduciary duties to those general unsecured creditors. Based on the UST's review of pre- and post-Application to Employ filings, as summarized in the background above, it appears that Mr. Christensen and his firm not only currently represent creditors of the estate but that such representation also causes an actual conflict of interest with the fiduciary duties he would have as an agent of the estate.

Additionally, the Verified Statement also described that Justin May, another partner at Johnson May, represents a party with a security interested in real property owned by Debtor's owner John Odom through other entities. Dkt. No. 159-1 at 2, ¶ 3(c). At this point, the bankruptcy estate's claim against that real property is unknown, but John Odom's or his other businesses' interests may be a significant to the Chapter 7 Trustee's recovery of transfers or avoidance of preferences for the bankruptcy estate. As stated by the Eighth Circuit BAP's decision, a single potential conflict may be disqualifying. *In re M & M Mktg., L.L.C.*, 426 B.R. at 804. Mr. May's client's security interest may be a transfer or preference that manifests as conflict with Mr. Christensen's work for the Ch. 7 trustee's pursuit of John Odom's other business interests or properties.

### III. CONCLUSION

The UST respectfully requests that the Application to Employ be denied unless the applicant and the Order regarding employment can establish that there are no actual conflicts under § 327(c), or that the scope of representation with a specified special counsel purpose does not cause actual conflicts of interest.

Date: November 21, 2023          Gregory M. Garvin
Acting United States Trustee, Region 18

/s/ Andrew Jorgensen
ANDREW S. JORGENSEN
Trial Attorney

-10-

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on November 21, 2023, I caused to be filed a copy of the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jesse A.P. Baker on behalf of Creditor JPMorgan Chase Bank N/A
ecfidb@aldridgepite.com

Matthew T. Christensen on behalf of Creditor C/O Jonhson May H.O.T. 2, LLC
mtc@johnsonmaylaw.com,
mtcecf@gmail.com;klu@johnsonmaylaw.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com

Matthew T. Christensen on behalf of Creditor C/O Jonhson May Stellco, LLC
mtc@johnsonmaylaw.com,
mtcecf@gmail.com;klu@johnsonmaylaw.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com

D Blair Clark on behalf of Debtor HMH Construction, LLC
dbc@dbclarklaw.com,
mbc@dbclarklaw.com;maryann@dbclarklaw.com;jackie@dbclarklaw.com;ecf.dbclaw@gmail.com;G69536@notify.cincompass.com

Samuel A Diddle on behalf of Creditor The Huntington National Bank
sdiddle@elamburke.com, kmd@elamburke.com

Robert A Faucher on behalf of Creditor Blue Cross of Idaho Health Service, Inc
rfaucher@hollandhart.com,
boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Anne E. Henderson on behalf of Creditor Blue Cross of Idaho Health Service, Inc
aehenderson@hollandhart.com

Andrew Seth Jorgensen on behalf of U.S. Trustee US Trustee
andrew.jorgensen@usdoj.gov

R Ron Kerl on behalf of Creditor John Deere Financial f.s.b.
Ron@cooper-larsen.com, lanna@cooper-larsen.com

Jed W. Manwaring on behalf of Creditor Commercial Credit Group, Inc.
jmanwaring@evanskeane.com, valerie@evanskeane.com;abell@evanskeane.com

-12-

Michael G Schmidt on behalf of Creditor Washington Trust Bank
mgs@lukins.com, tboyddavis@lukins.com

Nathan Thomas on behalf of Creditor Steel National
info@peak-law.com

Nathan Thomas on behalf of Creditor Syman LLC
info@peak-law.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

Date: November 21, 2023

                    /s/ Andrew Jorgensen___
                    ANDREW S. JORGENSEN