Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho  83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-0157
Email: mtc@johnsonmaylaw.com

Special Counsel for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>HMH CONSTRUCTION, LLC,<br><br>Debtor. | Case No. 23-00191-BPH<br><br>MOTION TO APPROVE COMPROMISE OF CONTROVERSY (Raul Labrador) |
|---|---|

## MOTION TO APPROVE COMPROMISE (Raul Labrador)

Pursuant to Fed. R. Bankr. P. 9019, the Trustee, by and through his counsel of record, Johnson May, moves the Court for approval of a compromise between the Bankruptcy Estate and Raul Labrador ("Labrador").  Through this compromise and upon the Court's approval Labrador will pay $5,000.00 to the Trustee on behalf of the bankruptcy estate, and the Trustee agrees to waive and release any additional claims against Labrador.  In support of this Motion, the Trustee alleges the following:

## FACTS

The Debtor in this case, HMH Construction, LLC, filed a bankruptcy petition on April 20, 2023 (the "Petition Date").  Prior to filing the petition, the Debtor made certain payments to various parties, including Labrador.  Some of those payments were made on behalf of the Debtor, but many of them were made on behalf of parties other than the Debtor.  Specifically, the Debtor made one

MOTION TO APPROVE COMPROMISE (Labrador) – Page 1

payment of $10,000.00 to Labrador as a campaign contribution when Labrador was running for Idaho Attorney General.  The Trustee previously demanded return of those funds from Labrador, asserting that the funds were fraudulent transfers under Idaho state law and the applicable Bankruptcy Code and recoverable by the Trustee pursuant to 11 U.S.C. §§ 544 and 548.  Labrador responded, disputing the Trustee's claims.

Rather than proceed to trial, the parties have agreed to settle the bankruptcy estate's claims to avoid the transfers.  The compromise is explained in full detail on **Exhibit A** attached hereto. In general terms, however, Labrador has agreed to pay $5,000.00 to the estate, and both parties have agreed to waive and release any other claims they have against one another related to the transfers.  The settlement funds are being held by the Trustee pending approval of this compromise. For the reasons detailed below, the Trustee believes that this is a fair compromise of the various issues related to these parties.

## **PROPOSED COMPROMISE**

Subject to Court approval, the Trustee asserts that the proposed settlement is a "fair and equitable" resolution of the dispute, based upon factors such as: the probability of successfully litigating the claims, difficulty in enforcement of a judgment, the complexity, expense, and delay of the litigation, the risk of non-collection, and the paramount interest of creditors, as analyzed below.  *See In re: Marples*, 266 B.R. 202, 206, 01.3 I.B.C.R. 116, 118 (Bankr. D. Idaho, 2001); *Martin v. Kane (In re: A&C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir., 1986).

## PROBABILITY OF SUCCESSFULLY LITIGATING THE CLAIM

The Trustee's claims against Labrador are fraudulent transfer claims. In essence, the Trustee must prove that the payments made to Labrador were made either with actual intent to hinder, delay or defraud the Debtor's creditors, or were made (a) when the Debtor was insolvent (or became insolvent) and (b) the Debtor did not receive reasonably equivalent value in return for the transfer. *See 11 U.S.C. § 548; Idaho Code § 55-913*.

Labrador asserts that the funds were a campaign contribution and that he provided reasonable value to the Debtor by listening to input from the Debtor and/or it's owner (John Odom) during the campaign and after the election. The Trustee asserts, on the other hand, that to the extent access to Labrador was provided, it benefited Mr. Odom, rather than the Debtor. Thus, the Trustee believes and therefore asserts that he would likely prevail on the reasonably-equivalent value element of this claim for the $10,000.00. However, this payment was made in 2021. While the Debtor was struggling to pay its bills as they became due at that time (and, in fact, had started borrowing money from merchant cash advance lenders at that time), there may be difficulty in the Trustee showing that the Debtor was insolvent at the specific time of that payment.

The Trustee believes he could likely prevail on the claim as to the $10,000.00 – but recognizes the risks that the available defenses pose to the claims. The Trustee therefore asserts that this factor weighs in favor of approving the compromise.

## DIFFICULTY IN ENFORCEMENT OF A JUDGMENT

If the Trustee pursued all claims against Labrador, he would be pursuing return of approximately $10,000.00. While the Trustee has not investigated the available assets held by

Labrador, the Trustee believes that amount would be collectible. Accordingly, this factor does not weigh for or against the compromise.

### COMPLEXITY, EXPENSE, AND DELAY OF THE LITIGATION

The Trustee has not pursued an adversary case for these claims yet. Consequently, there is not a trial date set and no pretrial actions have been taken. If the compromise is not approved, the Trustee will need to file an adversary case to pursue the claims. Because the adversary case has not yet been filed, that will add significant delay to the resolution of these claims.

The Trustee has employed counsel on an hourly-fee basis. In the event the case proceeds through litigation to trial and a potential appeal, counsel's fees will necessarily increase. Further, in the event the Trustee is required to prove insolvency, that may require testimony from an expert accountant, which has not yet occurred. Accordingly, approval of the compromise saves on attorney and other accountant fees. (Indeed, the amount of discount of the viable claim – approximately $50,000.00, would undoubtedly be eclipsed by the attorney and expert fees required to obtain a judgment.)

While these are not the only claims being pursued by the Trustee (such that the bankruptcy estate can quickly be would up after this compromise is approved), approving this compromise will allow the Trustee (and other parties) to focus on the remaining claims in litigation and work to expedite those claims. The Trustee believes this factor weighs in favor of approving the compromise.

## PARAMOUNT INTEREST OF CREDITORS

By this compromise, the estate will receive $5,000.00 related to disputed claims, without incurring further litigation costs (including potential appeals). On the other hand, if the claims proceeded to a trial, the estate may receive a judgment for $10,000.00 plus the estate would incur additional fees and costs for attorneys and expert fees and any subsequent appeals. The receipt of $5,000.00 on account of the disputed claims is justified, in the Trustee's business judgment, by the risks and costs to trial (as outlined above). Approval of this compromise will also allow the Trustee to focus on the remaining claims being pursued, while providing the compromised funds for the benefit of the creditors in this case. The Trustee believes this factor weighs in favor of approving the compromise.

## CONCLUSION

For the above-stated reasons, the Trustee asserts that the proposed compromise is a fair and equitable resolution of the matters and is in the best interests of the creditors. Based on the foregoing, he respectfully requests the Court enter an order granting the Motion and approving the Compromise.

DATED this 4th day of April, 2025.

                                                /s/ Matt Christensen
                                          Matthew T. Christensen
                                          Attorney for the Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April, 2025, I filed the foregoing MOTION TO APPROVE COMPROMISE OF CONTROVERSY (LABRADOR) electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Timothy R. Kurtz | trk@kurtztrustee.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Jesse A.P. Baker | ecfidb@aldridgepite.com |
| Kaleigh Boyer | kboyer@parsonsbehle.com |
| Samuel A. Diddle | sdiddle@elamburke.com |
| Anne E. Henderson | aehenderson@hollandhart.com |
| Andrew S. Jorgensen | andrew.jorgensen@usdoj.gov |
| R. Ron Kerl | ron@cooper-larsen.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Michael G. Schmidt | mgs@lukins.com |
| Lewis N. Stoddard | lewis@hwmlawfirm.com |
| Nathan Thomas | info@peak-law.com |

Any others as listed on the Court's ECF Notice.

/s/ Matt Christensen
Matthew T. Christensen

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made and entered into as of the Effective Date (defined below), between Timothy R. Kurtz, solely in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Debtor HMH Construction LLC ("Debtor") (Bankr. D. Idaho Case No. 23-00191-BPH) and Raul Labrador ("Labrador"), an individual. Trustee and Labrador may be referred to herein collectively as the "Parties" and individually as a "Party."

### RECITALS

A.  **WHEREAS**, on April 20, 2023, Debtor filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Idaho (the "Bankruptcy Court") (Case No. 23-00191-BPH) (the "Bankruptcy Case"). The Bankruptcy Case was later converted to Chapter 7.

B.  **WHEREAS**, Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case.

C.  **WHEREAS**, Trustee investigated the financial affairs of Debtor and asserted claims against Labrador related to a pre-petition transfers by the Debtor. Specifically, the Debtor paid Labrador a payment of $10,000.00. The Trustee previously sent a demand letter to Labrador asserting claims to avoid the pre-petition transfers identified by the Trustee.

D.  **WHEREAS**, Labrador responded to the demand letter, asserting that value was provided in return for the payment and therefore it was not avoidable. Otherwise, Labrador denied any liability on the Trustee's claims.

E.  **WHEREAS**, Trustee and Labrador have negotiated in good faith a resolution to Trustee's claims.

F.  **WHEREAS**, to avoid the time, expense, and risk of further litigation, the Parties have now agreed to fully compromise and settle their claims and defenses pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the Parties hereto mutually agree as follows:

1.  The above recitals are incorporated herein by reference.

2.  **EFFECTIVE DATE.** The effective date of this Agreement shall be the date the last Party signs the Agreement ("Effective Date").

3.  **TERMS OF SETTLEMENT:** The parties agree as follows:

      a.    Labrador shall pay the estate, contemporaneous with execution of this Agreement, five thousand dollars ($5,000.00) (the "Payment").

      b.    Within seven (7) days of Payment by Labrador, the Trustee will pursue approval of the compromise by the Bankruptcy Court (see paragraph 5 below).

      c.    The parties agree to toll any statute of limitations imposed by 11 U.S.C. 546(a) until sixty (60) days after the court order approving or denying the Trustee's motion for approval of this compromise.

4.    **WAIVER OF FILING A PROOF OF CLAIM**. Labrador hereby waives any right it may have to file a proof of claim in the Bankruptcy Case, whether that right be under 11 U.S.C. § 502(h) or any other applicable law or based on any other fact or claim. Further, Labrador agrees to withdraw any Proofs of Claim previously filed in the Bankruptcy Case.

5.    **COURT APPROVAL**. The Parties acknowledge that this Agreement, and all terms hereto, are subject to and conditioned upon Trustee obtaining approval of this Agreement from the Bankruptcy Court (the "Court Order"). Trustee will file a motion to obtain the Court Order within seven (7) days of the final payment by Labrador. If the Bankruptcy Court does not approve the terms of this Agreement or there is a final, non-appealable order of an appellate court reversing the Court Order, this Agreement will be void and without effect and both Parties reserve their rights to pursue the claims and defenses in this Bankruptcy Case or an Adversary Proceeding or to otherwise agree to a resolution of this matter. The Parties acknowledge and agree that this Agreement will be used as an exhibit to the motion to approve this compromise that will be filed in the Bankruptcy Case.

6.    **RELEASES.**

      a.    **RELEASE OF LABRADOR.** Except for the requirements of this Agreement (including requiring court approval) and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, upon execution of this Agreement, Trustee, on behalf of himself in his capacity as Trustee, and the Debtor's bankruptcy estate, and its past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge Labrador, and each of his past, present, and future predecessors, successors, assigns, insurers, agents and representatives, (collectively "Labrador Releasees"), and each of them, jointly and severally, from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now know or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected

or unsuspected, which Trustee as the representative of Debtor's bankruptcy estate may now have or has ever had or hereafter claims to have had, on behalf of himself or any other person or entity, as of the date of the order approving this Agreement, against any and each of the Labrador Releasees, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes  The Trustee acknowledges that he or his attorneys may hereafter discover facts different from or in addition to the facts that he now knows or believes to be true as to the subject matter of this Agreement, but that it is his intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

      b.    **RELEASE OF TRUSTEE AND BANKRUPTCY ESTATE.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, upon execution of this Agreement, Labrador and his past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge Trustee, on behalf of himself in his capacity as Trustee, and the Debtor's bankruptcy estate, and each of their past, present, and future predecessors, successors, assigns, insurers, agents and representatives, (collectively "Trustee Releasees"), and each of them, jointly and severally, from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which Labrador may now have or has ever had or hereafter claims to have had, on behalf of himself or any other person or entity, arising out of, related to, or having any connection with the Trustee in his capacity as the representative of the Debtor's bankruptcy estate, as of the date of the order approving this Agreement, against any and each of the Trustee Releasees. Labrador acknowledges that he or his attorneys may hereafter discover facts different from or in addition to the facts that he now knows or believe to be true as to the subject matter of this Agreement, but that it is his intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

7.    **LABRADOR's REPRESENTATIONS AND WARRANTIES**. In order to induce the Trustee to enter into this Agreement, Labrador hereby makes the following representations and warranties to Trustee:

    a.    **No Assignment of Claims**. Labrador hereby represents and warrants to Trustee that he has not assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

    b.    **Representation by Counsel**. Labrador hereby represents and warrants to Trustee that he has been represented by counsel of his own choosing, or has had the opportunity to be represented by counsel, during any and all negotiations which have led to this Agreement.

8.  **TRUSTEE'S REPRESENTATIONS AND WARRANTIES**. In order to induce Labrador to enter into this Agreement, Trustee hereby makes the following representations and warranties to Labrador:

   a.  **No Assignment of Claims**. Trustee hereby represents and warrants to Labrador that he has not assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

   b.  **Representation by Counsel**. Trustee hereby represents and warrants to Labrador that he has been represented by counsel of his own choosing during any and all negotiations, which have led to this Agreement.

9.  **EXPENSES OF THE PARTIES IN THIS TRANSACTION**. Each of the Parties hereto shall pay all of the expenses incurred by such Party in connection with the authorization, preparation, negotiation, and execution of this Agreement, including but not limited to all fees and expenses for agents, attorneys, and accountants. Each Party hereto shall be responsible for any and all tax consequences, if any, that they may incur as a result of any term of this Agreement.

10. **TIME OF ESSENCE**. Time and prompt performance of each provision of this Agreement is of the essence.

11. **WAIVER**. A waiver by one Party hereto of one or several defaults in performance of any provision of this Agreement to be performed by any other Party hereto shall not be construed as being a waiver of such provision itself, or of any subsequent default in performance thereof, or of the provisions of this Agreement.

12. **ENFORCEMENT EXPENSES OF THE PARTIES HERETO**. The Party hereto who is a losing Party in any court action brought to enforce any of the provisions of this Agreement shall pay to the party hereto who is a prevailing Party in such court action all reasonable attorney fees incurred in all trial and appellate courts by such prevailing party in addition to all costs allowed by law.

13. **MODIFICATIONS OR AMENDMENT**. No modification of this Agreement or any waiver of a provision hereof shall be of any force or effect unless the same is in writing and signed by the Parties hereto.

14. **BINDING EFFECT**. The Agreement herein applies to, binds and inures to the benefit of each Party hereto and their personal representatives, executors, administrators, heirs, devisees, legatees, assignees, transferees, and successors.

15. **FINAL EXPRESSION OF THIS AGREEMENT**. This Agreement and those documents executed in furtherance of this Agreement are the final expression of all the parties' agreements regarding resolution of the claims, and supersedes all prior or contemporaneous negotiations, understandings, and agreements between the parties, whether oral or written. Any

prior oral promises, representations, waivers, and courses of conduct are not relied upon and are of no further effect.

16. **NO ADMISSION OF LIABILITY**. Nothing in this Agreement shall be construed as an admission of liability by either Party.

17. **MISCELLANEOUS**. This Agreement shall be interpreted as provided in this provision:

   a. **Paragraph headings**. The paragraph headings used herein are for convenience only and are not a part of this Agreement and shall not be used to interpret it.

   b. **Choice of law and consent to jurisdiction and venue**. This Agreement shall be governed by the laws of the state of Idaho, without regard to its conflicts of law rules or principles. The Parties specifically agree that any and all controversies, disputes or claims arising under, or related to, this Agreement, including any breaches of the Parties' respective obligations set forth in this Agreement, and/or the conduct of any Party taking place after the Effective Date of this Agreement, shall be adjudicated by the Bankruptcy Court and the Parties hereby consent to and submit to the jurisdiction, constitutional authority, and venue of the Bankruptcy Court to enter the Court Order approving this Agreement and to resolve any and all disputes arising from this Agreement.

   c. **Singular terms**. Singular terms used herein shall be read as if written in the plural when the context so requires or permits.

   d. **Duplicate originals**. Duplicate originals of this Agreement shall be signed, and each such signed duplicate original may serve as an original for all purposes.

   e. **Counterparts**. This Agreement may be executed in any number of in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute a single, integrated and binding instrument. A faxed, photocopied, digital or scanned and emailed signature shall have the same force and effect as an original signature.

_____  4-4-25
Timothy R. Kurtz, solely as Ch. 7 Trustee    Dated
of the HMH Construction LLC bankruptcy estate

_____  March 20, 2025
Raúl Labrador    Dated